UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARYLOU MCINTOSH,  :
                        Plaintiff,  :
                                                    :      **OPINION AND ORDER**
v.  :
                                                      :      15 CV 8073 (VB)
FEDERAL NATIONAL MORTGAGE  :
ASSOCIATION; and SETERUS, INC.,  :
                       Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Marylou McIntosh, brings this action against defendants Federal National Mortgage Association and Seterus, Inc., seeking a declaratory judgment that would relieve her of obligations under her mortgage.

Before the Court are defendants' motions to dismiss under Rule 12(b)(6).  (Doc. ##22, 28).

For the following reasons, the motions are GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

### BACKGROUND

In deciding the pending motions, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

Plaintiff resides at 8 McClellan Place in Chappaqua, New York, the property at the center of this lawsuit (the "Property").

On January 6, 1993, plaintiff and her then-husband, Peter McIntosh, obtained a mortgage loan secured by the Property in the amount of $175,000.  On March 19, 1998, plaintiff and Mr. McIntosh obtained a second mortgage loan secured by the Property in the amount of $90,238.65.  Also on March 19, 1998, plaintiff and Mr. McIntosh had the two mortgages consolidated into a

single obligation in the amount of $226,000.  ("Consolidated Mortgage," Ex. 1 to the Decl. of Afiya M. Jordan (Doc. #24, "Jordan Aff.")).

According to plaintiff, "the Consolidated Mortgage established that [Mr. McIntosh] alone was personally liable for repayment of the obligation."[1]  (Am. Compl. ¶ 7).

Over the years, the Consolidated Mortgage was assigned to various financial institutions.  Three of those assignments are relevant to this action.  First, on or about March 13, 2003, the Consolidated Mortgage was assigned to JPMorgan Chase Bank ("Chase").  Second, on or about May 28, 2013, the Consolidated Mortgage was assigned to the Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank ("WaMu").  Third, on October 7, 2014, the Consolidated Mortgage was assigned to defendant Federal National Mortgage Association ("Fannie Mae").  Plaintiff alleges defendant Seterus is an agent employed by Fannie Mae to service the Consolidated Mortgage.

Plaintiff and Mr. McIntosh divorced in July 2003.  In October 2005, Mr. McIntosh filed a Chapter 7 bankruptcy petition.  On August 9, 2007, according to plaintiff, the Chapter 7 Trustee transferred the entire interest in the Property to plaintiff, subject to the Consolidated Mortgage.

The first missed payment on the Consolidated Mortgage occurred on or around February 1, 2007.  (Am. Compl. ¶ 45).

On January 15, 2008, plaintiff alleges she wrote to three individuals at WaMu "offering to bring the account current or negotiate a payoff of the entire obligation, if only she could speak

---

[1]   This is not apparent from the face of the agreement.  In fact, the Consolidated Mortgage states "[i]f more than one person signs this Agreement as Borrower, each of us is fully and personally obligated to keep all of Borrower's promises and obligations contained in this agreement," and "[t]he Note Holder may enforce its rights under this Agreement against each of us individually or against all of us together." (Jordan Aff. Ex. 1, ¶ VIII).  The Consolidated Mortgage is signed by both plaintiff and Mr. McIntosh as borrowers.  Nevertheless, at this stage, the Court will accept as true plaintiff's allegation that Mr. McIntosh was the only one personally liable under the Consolidated Mortgage.

with someone with the authority to settle the matter." (Am. Compl. ¶ 15). On February 8, 2008, WaMu allegedly "demanded" that plaintiff "apply for an assumption whereby she would take on the entire obligation that had previously been owed only by [Mr. McIntosh]." (Id. ¶ 16). On April 21, 2008, plaintiff rejected WaMu's offer.

On January 15, 2015, plaintiff received a notice addressed to Mr. McIntosh, which was forwarded to her from Mr. McIntosh's attorney, regarding the Consolidated Mortgage. The notice stated that a principal balance of $119,264.54 was owed, and that there was an escrow deficiency of $179,189.46.

However, no foreclosure proceedings had been initiated as of the filing of the instant motions, and plaintiff does not allege any such proceedings have been threatened.

Plaintiff originally filed her complaint in Supreme Court, Westchester County, against Chase and Seterus. Chase thereafter removed the action to this Court, and Chase and Seterus subsequently moved to dismiss.

With leave of the Court, plaintiff filed an amended complaint, which still named Seterus as a defendant, but replaced Chase with Fannie Mae as a defendant. (Doc. #21).

In her amended complaint, plaintiff asks the Court to enter a judgment (i) declaring the Consolidated Mortgage unenforceable because the applicable statute of limitations for a foreclosure action has passed; (ii) declaring that the Consolidated Mortgage no longer serves as a lien on the Property; (iii) directing the Westchester County Clerk to record a copy of the judgment in this case as satisfaction of the Consolidated Mortgage; and (iv) granting such other relief as the Court deems appropriate.

## DISCUSSION

I.     Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

II.    Justiciable Controversy

Plaintiff seeks only declaratory relief in this action.

Federal courts have discretionary authority to issue a declaratory judgment in "a case of actual controversy."  New York Times Co. v. Gonzales, 459 F.3d 160, 165 (2d Cir. 2006).

Plaintiff argues, without citing any case law or other authority, that "[t]he existence of an alleged right to commence a foreclosure proceeding in which the [p]laintiff would be a necessary defendant is sufficient to establish a justiciable controversy under New York law."  (Pl.'s Opp. at 4).

4

The Court disagrees.

An actual controversy exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." In re Prudential Lines Inc., 158 F.3d 65, 70 (2d Cir. 1998) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).  There must be a "claim of threatened injury . . . of direct and immediate impact, and the injury sufficiently likely to occur, so as to render the issue appropriate for judicial review." Dow Jones & Co. v. Harrods, Ltd., 237 F. Supp. 2d 394, 407 (S.D.N.Y. 2002), aff'd, 346 F.3d 357 (2d Cir. 2003).  Generally, a claim is not sufficiently immediate or likely to occur if the "feared legal consequence remains a mere possibility, or even probability of some contingency that may or may not come to pass." Id.

In New York, some courts have held that, in cases involving disputes related to mortgages secured by real property, no justiciable controversy exists when no foreclosure proceeding has been initiated. Fairhaven Properties, Inc. v. Garden City Plaza, Inc., 119 A.D.2d 796, 796 (2d Dep't 1986) ("Until there is a declared default and the commencement of foreclosure proceedings, there is no justiciable controversy."); see also Ocampo v. JPMorgan Chase Bank, N.A., 93 F. Supp. 3d 109, 115 (E.D.N.Y. 2015) ("New York state courts have found that no justiciable controversy exists for claims seeking a declaratory judgment of rights under or ownership of a mortgage if no foreclosure proceedings have been commenced.") (citing cases).

Other courts have taken a more nuanced approach.  In Thomas v. JPMorgan Chase & Co., the court pointed out that "[h]ad plaintiffs merely been borrowers whose loans were not in default, and who had not yet applied for modification, there is little doubt that there would be no

5

pending case or controversy between the parties." 811 F. Supp. 2d 781, 795-96 (S.D.N.Y. 2011). But because the bank notified the plaintiff that it "it intend[ed] to pursue foreclosure of plaintiffs' homes, and [could] initiate foreclosure proceedings immediately," the court concluded a declaratory judgment could issue.

This case falls in the middle of the two scenarios outlined in Thomas. Plaintiff alleges the mortgage is in default, and the mortgagee has sent a letter – to plaintiff's ex-husband, forwarded to plaintiff – confirming the default. However, plaintiff has not alleged that foreclosure proceedings have been threatened or initiated, or that defendants have indicated an intent to pursue foreclosure.

Under these circumstances, when there is more than a mere possibility that foreclosure proceedings will be initiated, but such proceedings are not yet "threatened" or "immediate," the Court finds there is no justiciable controversy and, therefore, a declaratory judgment is inappropriate.[2]

Accordingly, plaintiff's claims must be dismissed.

However, as explained below, even if there were sufficient facts alleged to find that a justiciable controversy exists, the Court nevertheless finds dismissal appropriate because plaintiff has failed plausibly to allege she is entitled to the declaratory judgment she seeks.

---

[2]    Defendants also argue declaratory judgment claims require an imminent injury. (Seterus Br. at 8). In support of this argument, they misleadingly omit a key word – "except" – from a citation to a Second Circuit case. Specifically, in In re Joint E. & S. Dist. Asbestos Litig., the Second Circuit wrote, "[e]xcept when a party seeks declaratory relief, the plaintiff must assert that some conduct on the part of the defendants that has caused or is causing actual or threatened injury to the plaintiff that will be remedied or avoided by a determination of liability." 14 F.3d 726, 731 (2d Cir. 1993) (emphasis added). The omission by defendants of the word "except" completely changes the meaning of the quote.

III.     Plaintiff's Claims for Declaratory Relief

Plaintiff seeks a declaratory judgment that the statute of limitations for defendants to bring a foreclosure action against her has passed, and that the doctrines of laches or waiver bar defendants from bringing a foreclosure action.  The Court finds plaintiff has failed plausibly to allege she is entitled to such relief.

A.     Statute of Limitations

Under New York law, the statute of limitations for a mortgage foreclosure action is six years "from the due date for each unpaid installment, or from the time the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated." Plaia v. Safonte, 45 A.D.3d 747, 748 (2d Dep't 2007); N.Y. C.P.L.R. § 213(4).

Plaintiff alleges the Consolidated Mortgage "may have been accelerated" at any one of three different occasions: (i) on or around October 13, 2005, when Mr. McIntosh filed for Chapter 7 bankruptcy; (ii) on or around August 9, 2007, when Mr. McIntosh's Chapter 7 Trustee transferred the interest of the bankruptcy estate in the Property to plaintiff, subject to the Consolidated Mortgage; or (iii) on or around April 21, 2008, when plaintiff rejected WaMu's proposal that plaintiff assume the entire obligation under the mortgage. (Am. Compl. ¶¶ 14, 17, 23).

However, when acceleration of a mortgage debt on default is made optional with the mortgagee, "some affirmative action must be taken evidencing the [mortgagee]'s election to take advantage of the accelerating provision." Wells Fargo Bank, N.A. v. Burke, 94 A.D.3d 980, 982-83 (2d Dep't 2012); see also In re Campbell, 513 B.R. 846, 851 (Bankr. S.D.N.Y. 2014), aff'd, 539 B.R. 66 (S.D.N.Y. 2015) ("Clearly action by the Mortgagee was required in order to

7

accelerate the debt, and there was no automatic acceleration as a consequence of a payment default.").

Here, the Consolidated Mortgage contains an optional acceleration clause. Specifically, it states, "[i]f I am in default, the Note Holder <u>may</u> send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder <u>may</u> require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount." (Jordan Aff., Ex. 1, ¶ IV(3)(C) (emphasis added)).

In such cases, the mortgagor must be provided with notice of the mortgagee's decision to exercise the option to accelerate the mortgage debt and such notice must be "clear and unequivocal." <u>Wells Fargo Bank, N.A. v. Burke</u>, 94 A.D.3d at 983. <u>See</u> also <u>United States v. Alessi</u>, 599 F.2d 513, 515 n.4 (2d Cir. 1979) ("Such acceleration must consist of either notice of election to the [m]ortgagor or of some unequivocal overt act (such as initiating a foreclosure suit) manifesting an election in such a way as to entitle the mortgagor, if he desires, to discharge the principal of the mortgage.").

Thus, for plaintiff's claim to survive a motion to dismiss, there must be an allegation that the mortgagee took an affirmative step to accelerate the mortgage debt. No such allegation is made. Plaintiff only claims the mortgage "<u>may</u> have," or "could plausibly have" been accelerated at various points in time. (Am. Compl. ¶¶ 14, 17, 23; Pl.'s Opp. at 7). Nowhere in her complaint does plaintiff allege an affirmative action by the mortgagee to accelerate the debt at the times she claims such acceleration may have occurred.[3]

---

[3]    To the extent the notice plaintiff received on January 15, 2015, contained such an election by Fannie Mae to accelerate the mortgage, the statute of limitations for commencing a foreclosure action based on that acceleration clearly has not passed.

8

Accordingly, plaintiff has failed plausibly to allege the statute of limitations for defendants to bring a foreclosure action has passed, and she is therefore not entitled to declaratory relief on this ground.[4]

B.    Doctrine of Laches

Plaintiff also alleges she is entitled to a judgment declaring that enforcement of the Consolidated Mortgage is barred by the equitable doctrine of laches.

The doctrine of laches is not available in a foreclosure action brought within the period of limitations.  See Maxim Grp. LLC v. Life Partners Holdings, Inc., 690 F. Supp. 2d 293, 310 (S.D.N.Y. 2010); United States v. Mack, 295 U.S. 480, 489 (1935) ("Laches within the term of the statute of limitations is no defense at law.").

Because plaintiff has failed plausibly to allege the statute of limitations has passed for defendants to bring a foreclosure proceeding, her claim for a declaratory judgment that defendants are barred by the doctrine of laches is equally unavailable.

C.    Doctrine of Waiver

Finally, plaintiff claims the enforcement of the Consolidated Mortgage is barred by the doctrine of waiver.

---

[4]    Plaintiff also seeks a declaratory judgment "that the Consolidated Mortgage is void and unenforceable to the extent that it represents obligations that came due on or before the date that is six (6) years prior to the filing of the original Complaint."  (Am. Compl. ¶ 46).  A declaratory judgment regarding the statute of limitations for the collection of installment payments not made is inappropriate because the defendants may accelerate the mortgage at some future date. "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt."  Wells Fargo Bank, N.A. v. Burke, 94 A.D.3d 980, 982, (2d Dep't 2012).

Specifically, plaintiff alleges Chase granted plaintiff a home equity line of credit in 2009, when Chase was the mortgagee of the Consolidated Mortgage, but after the Consolidated Mortgage had been in default and after the commencement of Mr. McIntosh's bankruptcy case. Plaintiff argues the granting of the home equity line of credit when Chase knew there was a default on the Consolidated Mortgage somehow constitutes a waiver of Chase's – or, presumably, its successor in interest, Fannie Mae – "right to assert that the Consolidated Mortgage must be satisfied."  (Am. Compl. ¶ 49).

Plaintiff alleges this is "exacerbated" because defendants or their predecessors in interest have allegedly "refused to communicate" with plaintiff "despite repeated attempts on her part to negotiate a resolution of the Consolidated Mortgage."  (Id.).

A waiver is "the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable." Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 303 (2d Cir. 1996) (citing Nassau Trust Co. v. Montrose Concrete Prods Corp., 56 N.Y.2d 175, 184 (1982)).

In addition, "[b]ecause waiver of a contract right must be proved to be intentional, the defense of waiver requires a clear manifestation of an intent by [the party] to relinquish her known right and mere silence, oversight or thoughtlessness in failing to object to a breach of the contract will not support a finding of waiver." Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 585 (2d Cir. 2006) (internal quotations omitted).

Plaintiff has not alleged plausibly any clear manifestation of a voluntary and intentional waiver here.  At most, she points to "oversight" and "silence" on the part of a predecessor in interest to the Consolidated Mortgage.

Accordingly, plaintiff's claim that she is entitled to a declaratory judgment that defendants are barred by the doctrine of waiver from enforcing the Consolidated Mortgage must also be dismissed.

## CONCLUSION

Defendants' motions to dismiss are GRANTED.

The Clerk is instructed to terminate the motions (Docs. ##22, 28) and close this case.

Dated: July 25, 2016
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge